IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMI DALAIKA AND<br>SALIM MOSTEFAOUI<br>    Plaintiffs<br><br>v.<br><br>PROGRESSIVE COUNTY MUTUAL<br>INSURANCE COMPANY<br>    Defendant | §§§§§§§§§§ | NO. _____ |

### PROGRESSIVE COMMERCIAL CASUALTY COMPANY'S
### NOTICE OF AND PETITION FOR REMOVAL

PROGRESSIVE COMMERCIAL CASUALTY COMPANY, Defendant and improper party, files this Notice of and Petition for Removal of action currently pending in the 61st Judicial District of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division pursuant to 28 U.S.C. §§1441 and 1446. Defendant filed a Motion to Transfer Venue in the 61st Judicial District Court of Harris County, Texas, requesting the matter be transferred to Colorado County, the county in which the subject accident occurred. In support of the Notice of and Petition for Removal, Progressive Commercial Casualty Company respectfully shows the Court the following:

### State Court Case

1. On February 1, 2019, Plaintiffs, Sami Dalaika and Salim Mostefaoui, filed their Original Petition in the 61st Judicial District Court in Cause No. 2019-08399, styled *Sami Dalaika and Salim Mostefaoui v. Progressive Commercial Casualty Company*. (Exhibit "A.") In Plaintiffs' Original Petition, Plaintiffs seek recovery against Progressive Commercial Casualty Company for breach of contract and assert declaratory judgment action on coverage issues.

2. Progressive Commercial Casualty Company was served with process on February 22, 2019 and filed its answer in State Court on March 15, 2019. In the Answer, Progressive Commercial Casualty Company pled that it is an improper party (among other defenses), as the commercial auto insurance policy at issue—Policy No. 01386930-1—was issued and underwritten by United Financial Casualty Company ("UFCC").

3. This lawsuit arises from an auto accident that occurred on October 4, 2015 along Interstate 10 in Colorado County, Texas and involved Plaintiffs, John Romero (an alleged underinsured driver), and Jose Ramos. At the time of the accident, Plaintiff, Sami Dalaika, was operating a tractor-trailer and Plaintiff, Salim Mostefaoui, was his passenger. Both Plaintiffs contend they sustained bodily injuries and Plaintiff Dalaika sustained property damages.

4. The tractor-trailer operated by Plaintiff Dalaika was listed under a commercial auto policy issued and underwritten by United Financial Casualty Company ("UFCC"). This policy includes uninsured/underinsured motorist coverage. Plaintiffs made underinsured motorist bodily injury claims under this policy and seek recovery in this suit for their alleged bodily injuries, among other damages.

**Statement Of Facts Supporting Removal Based On Diversity**

5. The underlying state court lawsuit made the basis of this Notice of and Petition for Removal is a civil action over which this Court has jurisdiction under the provisions of 28 U.S.C. §1332 and is one that may be removed to this Court by Progressive Commercial Casualty Company under the provisions of 28 U.S.C. §1441.

6. As set forth in Plaintiffs' Original Petition, Plaintiffs are residents of Union City, New Jersey. (Exhibit "A.")

7. Although Plaintiffs' Original Petition asserts that Defendant, Progressive Commercial

Casualty Company, is a company organized and existing under the laws of the State of Texas, it is not a corporate entity. Plaintiff's Original Petition also references Progressive Casualty Company as a Defendant. Progressive Casualty Company is not a corporate entity either. Progressive Casualty Insurance Company is a corporate entity existing under the laws of the State of Ohio.

8. The commercial auto policy at issue in the case, Policy No. 013886930-1, was issued and underwritten by UFCC, not Progressive Commercial Casualty Company, Progressive Casualty Company, or Progressive Casualty Insurance Company. Thus, Progressive Commercial Casualty Company is not a proper party. UFCC is a corporation organized and existing under the laws of the State of Vermont.

9. Complete diversity exists between Plaintiffs and Progressive Casualty Insurance Company. Further, complete diversity exists between Plaintiffs and UFCC such that removal is proper.

10. The amount in controversy exceeds $75,000.00, excluding interest, costs, and attorney's fees. 28 U.S.C. §1332(a). In this lawsuit, Plaintiff Mostefaoui plead for monetary relief of $200,000.00 and Plaintiff Dalaika pled for monetary relief for bodily injuries in the amount of $250,000.00 and in excess of $75,000.00 for property damages. (Exhibit "A," pg. 8.)

11. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a). The filings in the state court action are Plaintiffs' Original Petition, Progressive Commercial Casualty Company's Original Answer, Jury Demand, and Requests for Disclosure Subject to Motion to Transfer, and Defendant's Motion to Transfer Venue, certified copies of which are attached to this Notice of and Petition for Removal as Exhibits "A," "B," and "C."

12. Venue is proper in the Southern District of Texas, Houston Division because the state court in which Plaintiffs filed their Original Petition is located in Harris County, Texas. Further, Defendants' Motion to Transfer Venue requests this suit be transferred to Colorado County, Texas, which is also removable to this Court.

13. Progressive Commercial Casualty Company will promptly file a copy of this Notice of Removal with the state court. A copy of the Notice of Removal that is being filed on behalf of Progressive Commercial Casualty Company in the state court action is attached to this Notice of and Petition for Removal as Exhibit "D."

## Notice Of Removal From State Court

14. As noted above, Progressive Commercial Casualty Company is filing a Notice of Filing with a copy of the removal notice and attachments pursuant to 28 USC §1446(d).

## Jury Demand

15. Progressive Commercial Casualty Company requests a jury trial in the removed action.

## Prayer

16. Defendant, Progressive Commercial Casualty Company, prays this Court recognizes the effect of the Notice of and Petition for Removal, and that the Clerk of the Court take the necessary steps to effectuate this removal to Federal Court. Defendant further prays for all other relief, general or special, at law or in equity, to which it may be entitled.

Respectfully submitted,

**LAPIDUS KNUDSEN PC**

*/s/ Megan Knudsen*

**MARK R. LAPIDUS**
SBN: 11942250
Fed ID: 10200
mlapidus@lk-lawfirm.com
**MEGAN L. KNUDSEN**
SBN: 24040473
Fed ID: 37150
mknudsen@lk-lawfirm.com
808 Travis, 18th Floor
Houston, TX 77002
(713) 400-6000
(713) 622-8054 (FAX)
**ATTORNEYS FOR DEFENDANT
PROGRESSIVE COMMERCIAL CASUALTY
COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all parties and/or attorneys in accordance with the Texas Rules of Civil Procedure, on this 22nd day of March 2019.

R. Gary Stephens                                     *Via E-File*
Stephens & Stephens
6310 Olde Pecan Drive, #200
Richmond, Texas 77406
rgs@stephenslegal.com

*/s/ Megan Knudsen*

**MEGAN L. KNUDSEN**