2/1/2019 4:30 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 30881753
By: Walter Eldridge
Filed: 2/1/2019 4:30 PM

# 2019-08399 / Court: 061

Cause No. _____

| | | |
|---|---|---|
| SAMI DALAIKA AND SALIM MOSTEFAOUI, | § § § | IN THE DISTRICT COURT OF |
| VS. | § § | HARRIS COUNTY, TEXAS |
| PROGRESSIVE COMMERCIAL CASUALTY COMPANY | § § § | _____JUDICIAL DISTRICT COURT |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE, INTERROGATORIES, and REQUEST FOR PRODUCTION

**COME NOW** SAMI DALAIKA and SALIM MOSTEFAOUI, hereinafter referred to as Plaintiffs, complaining of PROGRESSIVE COMMERCIAL CASUALTY COMPANY hereinafter referred to as Defendant, and for cause of action respectfully shows the Court as follows:

## I. DISCOVERY LEVEL

1.0     Plaintiff intends discovery be conducted under level 3 of the Discovery Control Plan, Rule 190.4 *Texas Rules of Civil Procedure*.

## II. PARTIES

2.0     Plaintiffs are resident citizens of Union City, New Jersey.

2.1     Underinsured motorist driver JOHN ROMERO is an individual residing in Bexar County, Texas.  No service on this person is requested.

2.2     Defendant, PROGRESSIVE CASUALTY COMPANY (hereinafter referred to as Defendant "Progressive") is a corporation duly organized and existing pursuant to law, and doing business in the State of Texas, and may be served with citation herein by serving its registered agent for service, CT Corporate System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

---

*RGS 2019-01-30 Plfs' Orig Petition and Discovery*



### III. JURISDICTION AND VENUE

3.0     The subject matter in controversy is within the jurisdictional limits of this court.

3.1     Jurisdiction is proper in this Court because Plaintiffs have suffered damages within the jurisdictional limits of this Court and because Plaintiff Dalaika was driving on the roads in the State of Texas in connection with hauling goods for profit in accordance with the FMCSR and the TxMCSR. The Defendant was at all doing business in the State of Texas.

3.2     Venue is proper in Harris County, Texas, for the reason that one or more of the Defendants reside in Houston, Harris County, Texas, pursuant to TEX.CIV.PRAC.&REM.CODE ANN.§15.002.

### IV. FACTS

4.0     This suit is brought to collect a legal debt of money damages owing to the Plaintiffs by reason of an occurrence that took place at or about reference marker 681 on IH 10, in Colorado County, Texas, on or about October 4, 2015, when an east bound vehicle driven by underinsured motorist driver John Romero (vehicle 5) collided with the left side of an east bound Freightliner Tractor/Trailer being operated by Jose Ramos, and owned by TXN Logistics Special Commodities Corporation (vehicles 1 and 2). The Ramos/TXN tractor/trailer (vehicles 1 and 2) caused by UIM driver Romero to travel through the median in front of Fast Move Inc's tractor/trailer, driven by Plaintiff Sami Dalaika (vehicles 3 and 4) which was west bound on IH10. This caused the Plaintiff Dalaika's tractor/trailer (vehicle 3 & 4) to be propelled off of the roadway and came to a stop on the north side of IH10. Your Plaintiff, Salim Mostefaoui was a passenger in the tractor/trailer being driven by Plaintiff Sami Dalaika. The accident caused serious injuries and damages to the Plaintiffs and the vehicle operated and occupied by them.  A copy of the Police Report is attached hereto as **Exhibit A.**

4.1     Nothing Plaintiffs did nor failed to do on this occasion caused or contributed to cause the accident. On the contrary, this occurrence and the Plaintiffs' resulting injuries and damages were proximately caused by the negligence, as that term is understood in law, of Romero, underinsured motorist.

### TORT LIABILITY

### V. NEGLIGENCE-JOHN ROMERO

5.0     The occurrence made the basis of this suit and the resulting injuries were proximately caused by the negligence of Romero. Underinsured motorist driver John Romero's negligence includes, but is not limited to, the following specific acts or omissions which constitute negligence:

(a)     Failing to yield the right-of-way;

(b)     Failing to maintain proper control of his vehicle;

(c)     Failing to maintain a proper lookout to avoid the accident made the basis of this suit;

(d)     Failing to properly apply his brakes to avoid the accident in question;

(e)     Failing to stop;

(f)     Failing to take evasive actions as would a person using ordinary care;

(g)     Failing to control speed;

(h)     Failing to give warning by sounding the horn when necessary;

(i)     Failing to exercise ordinary care generally.

5.1     Each of the above and foregoing acts, both of omission and commission, were negligent and constituted negligence and were each and all a proximate cause of the collision made the basis of this suit and of the personal injuries and damages sustained by Plaintiffs.

## XI. CLAIMS SETTLED-SETTLEMENT WITH JOHN ROMERO

6.0     On or about February 23, 2018 the Plaintiffs' claims against the UIM driver John Romero settled for all of the remaining insurance limits after State Farm had paid $12,500 to settle Jose Ramos claim (vehicle 1and 2).  Plaintiff Sami Dalaika's claims settled for $30,000.00 and Plaintiff Salim Mostefaoui's claims settled for $17,500.00 with John Romero's insurance carrier, though it was for less than the damage sustained.  This payment exhausted the State Farm limits under Policy #1577644K1253D002, claim No. 53-598H6665 for State Farm.  **Attached as Exhibit B** are copies of the settlement checks.  **Attached as Exhibit C** is a copy of a release for $12,500.00 which was for the other claimant, Jose Ramos and indicates the State Farm limits have been exhausted.  State Farm's policy limits were $30,000/$60,000.00 for Romero's liability at no time have the Plaintiffs settled claims precluding UIM claims against Progressive.

## XII. PROPERTY DAMAGE SETTLEMENT

7.0     On or about April 4, 2017 the Plaintiff, Sami Dalaika's property damage claims were settled with Progressive Claims, for $10,000.00.  **Attached as Exhibit D** is a copy of Progressive Claims check.

## XIII. UNINSURED MOTORIST -DEFENDANT PROGRESSIVE COMMERCIAL CASUALTY COMPANY

8.0     Plaintiffs, allege that, at the time of the occurrence, JOHN ROMERO,  maintained a 30/60 State Farm Insurance Policy,  but his  limits of liability coverage were so low that he was effectively underinsured for the damages caused to the Plaintiffs.

8.1     At the time of the occurrence in question, Plaintiffs  had or were entitled to have uninsured and underinsured motorist benefits through the Defendant PROGRESSIVE, under Texas

approved   Policy No. 01386930-1, a copy of which is attached hereto as **Exhibit E** and is incorporated herein as though set forth verbatim. This policy is applicable to FMCSA claims in all 50 states including Texas. Plaintiffs have complied with all conditions precedent to such a policy of insurance and any claims thereunder.

8.2     JOHN ROMERO, is an uninsured/underinsured motorists driver as that term is defined in the policy of insurance with Defendant PROGRESSIVE. For that reason, Plaintiffs are entitled to recover under this cause of action for all rights over and against Defendant PROGRESSIVE the same as if PROGRESSIVE was the insurer of JOHN ROMERO, and for all benefits which the policy provides, including reasonable attorney's fees.

## IX.  ACTION FOR LEGAL LIABILITY UNDER TORT

9.0     In Texas under *Brainard v. Universal Insurance Company,* 216 S.W. 3d, 809 (Tx 2006) it is a predicate requirement that Tort Legal Liability be established as a predicate action for recovering under an underinsured motorist policy.

9.1     Here the Plaintiffs would show that John Romero was legally liable (see Paragraph 5). The Plaintiff asks a Texas jury to determine John Romero's legal liability pursuant to the Tort requirements of Texas Conflicts of Laws principles and The Restatement of Torts II. After such a determination of legal liability under tort law the Plaintiffs ask for a determination of the amounts payable under the Progressive Policy No. 138690-5.

## X.  ACTION FOR BREACH OF CONTRACT

10.0     Plaintiffs reincorporates by reference the facts as described in the preceding paragraphs and brings this cause of action as a Breach of Contract only in the event Progressive fails and refuses to pay the amounts due by reason of the legal liability of UIM, John Romero and by

reason of a Declaratory Judgment pursuant to Paragraph 11.7.

10.1   Plaintiff brings this action for breach of contract. The Plaintiffs, have complied with all the terms of the policy as a condition precedent to bringing the suit are presumed to be true. Plaintiff entered into this contract in New Jersey and never dealt with or had any communication with any individual parties, nor defendants over the phone or otherwise other than people in New Jersey.

10.2   Plaintiff and PROGRESSIVE freely entered into the policy, and it is supported by adequate and valid consideration. As such, it constitutes an enforceable contract between the parties. A true and correct copy of the Texas Standard policy declarations page with PROGRESSIVE, Policy No.01386930-1,  **is attached hereto as Exhibit E,**  as though set forth verbatim.

10.3   Under the express terms of the policy, PROGRESSIVE agreed to provide coverage under UM/UIM provisions. The claim asserted by Plaintiff clearly falls within the scope of coverage.

10.4   Upon presentation of the Plaintiff's claim PROGRESSIVE, it is anticipated they will refuse and continue to refuse to provide coverage and adequate compensation for Plaintiff's losses.

10.5   Plaintiff requests that a jury find the Defendant has breached the contract that is binding and fully enforceable and that PROGRESSIVE owes a duty to provide coverage for the loss described above.

## XI. ACTION FOR DECLARATORY JUDGMENT

11.0   Plaintiffs reincorporate by reference the facts as described in the preceding paragraphs.

11.1   Plaintiffs bring this action for Declaratory Judgment pursuant to Texas Civil Practice & Remedies Code §37.001 et seq.

11.2 Plaintiffs and PROGRESSIVE freely entered into the policy, and it is supported by adequate and valid consideration. As such, it constitutes an enforceable contract between the parties.

11.3 Under the express terms of the policy, PROGRESSIVE agreed to provide coverage under UM/UIM provisions. The claim asserted by Plaintiffs clearly fall within the scope of coverage.

11.4 Upon presentation of the Plaintiffs' claim PROGRESSIVE has refused and continues to refuse to provide coverage for Plaintiffs' loss.

11.5 Plaintiffs request that this Court enter a judgment declaring that the policy is binding and fully enforceable, and that PROGRESSIVE owes a duty to provide coverage for the loss described above.

11.6 All conditions precedent to PROGRESSIVE's contractual obligation to provide coverage under the policy have occurred.

11.7 Plaintiffs ask this Court to declare all conditions precedent have been complied with and all coverage under the UIM policy for the Plaintiffs' injuries and the legal obligation to pay exists and that all underlying coverage has been exhausted and that the Plaintiffs' damages from their injuries exceeds the policy and that the amount of $250,000.00 be paid to Sami Dalaika and $200,000.00 be paid to Mr. Mostefaoui should be paid.

## XII. DAMAGE-PLAINTIFF SAMI DALAIKA

12.0 As a result of the negligent conduct of the Defendant as set forth herein, Plaintiff, Sami Dalaika suffered severe bodily injuries. Accordingly, he requests the trier of fact to award damages in the following areas:

(a) Physical pain and mental anguish, both past and future;

(b) Physical impairment, both past and future;

(c)     Reasonable and necessary medical expenses, both past and future;

(d)     Loss of wage earnings and/or loss of earning capacity.

12.1    By reason of the above and foregoing, Plaintiff seeks monetary relief of $250,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney's fees.

## XIII. DAMAGE-PLAINTIFF SALIM MOSTEFAOUI

13.0    As a result of the negligent conduct of the Defendant as set forth herein, Plaintiff, Salim Mostefaoui suffered severe bodily injuries. Accordingly, he requests the trier of fact to award damages in the following areas:

(a)     Physical pain and mental anguish, both past and future;

(b)     Physical impairment, both past and future;

(c)     Reasonable and necessary medical expenses, both past and future;

(d)     Loss of wage earnings and/or loss of earning capacity.

13.1    By reason of the above and foregoing, Plaintiff seeks monetary relief of $200,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney's fees.

## XIV. PROPERTY DAMAGE

14.0    Plaintiff, Sami Dalaika, would show that he suffered property damage to his vehicle as a result of the accident in question in that the fair market value of his tractor and trailer was a total loss and the Plaintiff Dalaika has lost in excess of $75,000.00.

## XV. LOSS OF OPERATING REVENUE

15.0    Due to the total loss of the Plaintiff Dalaika's tractor/trailer, the Plaintiff Dalaika has

lost revenue in excess of $75,000.00.

### XVI. PREJUDGMENT INTEREST

16.0   Plaintiff pleads for prejudgment interest as allowed by Art. 5069-1.05 §6(a) of V.A.T.S.). Plaintiff  specifically pleads prejudgment interest as an element of damages that Defendant should be legally obligated to pay as a result of the bodily injuries incurred by Plaintiff.

### XVII. JURY DEMAND

17.0   Plaintiff hereby makes a demand for a trial by jury.

### XVIII. REQUEST FOR DISCLOSURE

18.0   Under the authority of Texas Rule of Civil Procedure 194, Plaintiffs request the Defendant to disclose, within 50 days of service of this request, the information or material described in Rule194.2. Further and additionally, in accordance with Rule 190.02(b)(6) Plaintiffs request disclosures of all documents, electronic information, and tangible items that the disclosing party has in its possession, custody, or control and may use top support its claims or defenses.  A request for disclosure made pursuant to this paragraph is not considered a request for production.

### XIX. ATTACHMENTS

19.0   Plaintiffs further serve: (1) Defendant, Progressive Commercial Casualty Company the following discovery, which is attached to this Petition: **Exhibit F**, Plaintiff's First Set of Interrogatories and First Set of Request for Production.

### XX. SELF AUTHENTICATION RIGHTS

20.0   Plaintiffs invoke self-authentication rights pursuant to Tex.R.Civ.P. 193.7, and

specifically that documents/items made available by the opposing party through discovery process may be used at trial and/or in pre-trial proceedings.

## XXI. PRAYER

21.0    WHEREFORE, PREMISES CONSIDERED, Plaintiffs  pray that they have a trial by jury; that they have  judgment against the Defendant for a sum within the jurisdictional limits of this Court, with interest both pre-judgment and post-judgment;  for costs of suit; and for such other and further relief, general and special, legal and equitable, to which Plaintiffs may be justly entitled.

Respectfully submitted,
STEPHENS & STEPHENS

R. GARY STEPHENS
State Bar No. 19159500
6310 Olde Pecan Drive, #200
Richmond, Texas 77406
Office: 713-629-1111
Facsimile: 281-341-8026
Email: rgs@stephenslegal.com
ATTORNEYS FOR PLAINTIFF